## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.   0:15-CV-62536-ROSENBERG/BRANNON

THE CITY OF DEERFIELD BEACH,
FLORIDA,

      Plaintiff,

v.

THOSE CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON, BRIT SYNDICATE
#2987, AND WHICH UNDERWRITERS
SUBSCRIBE TO INSURANCE CERTIFICATE
#PK1017913 AND INSURANCE CERTIFICATE
#PK1017914,

      Defendants.

_____/

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

      This matter is before the Court on Defendants' Motion to Dismiss [DE 4].   The Motion has been fully briefed.[1]   The Court has reviewed the documents in the case file and is fully advised in the premises.   For the reasons set forth below, Defendants' Motion is denied.

      This case stems from a criminal prosecution.   In December of 2008, the former mayor of Plaintiff was arrested and charged with having received unlawful compensation.  DE 1-2 at 3.[2] The mayor was ultimately acquitted at trial in May of 2014 and, soon thereafter, the mayor requested reimbursement from Plaintiff in excess of one million dollars for his legal expenses.   *Id.*

---

[1] Although this matter was previously set for a hearing, counsel's scheduling conflicts ultimately caused the Court to cancel the hearing.   Upon review, the Court determined that oral argument is unnecessary.

[2] On a motion to dismiss, the Court accepts all allegations as true and construes the allegations in the light most favorable to the non-moving party.   *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012).

at 3-4.   Plaintiff submitted a claim for indemnification with Defendants.   *Id.* at 4.   That claim was denied.   *Id.* at 5.   This lawsuit followed.

Defendants argue Plaintiff's Complaint should be dismissed, *inter alia*, because Plaintiff's claims are precluded by the terms of the insurance policy central to this case.   Defendants emphasize the following language:

> Pursuant the above quoted insuring agreement, "…coverage applies only if a claim for damages arises out of a WRONGFUL ACT committed during the PERIOD OF INSURANCE."

DE 11 at 3.   In emphasizing this language, Defendants argue that the wrongful act was committed in 2003 and the period of insurance ran from 2013 to 2015.   *Id.*   In response, Plaintiff argues that the entire contract must be viewed as a whole.   More specifically, Plaintiff points to the following provision:

> **ERRORS & OMISSIONS**.  The Underwriters agree, subject to the policy limitations, exclusions, terms and conditions, to indemnify the ASSURED, for all sums for which the ASSURED is legally liable by reason of a wrongful act.

DE 10 at 7.   Thus, Plaintiff argues that it was not legally liable to pay for the wrongful act that occurred in 2003 until 2014, which was within the period of insurance.   *See James v. Gulf Lines Ins. Co.*, 66 So. 2d 62, 62 (Fla. 1953) ("An isolated sentence of the policy should not be construed alone, but it should be construed in connection with other provisions of the policy in order to arrive at a reasonable construction to accomplish the intent and purpose of the parties.").

Stated succinctly, the crux of the dispute between the parties is whether insurance coverage is contingent upon an act that occurs during the period of insurance or whether it is contingent upon the legal obligation to pay for an act that accrues during a period of insurance.   At the pleading stage, the Complaint need only contain a "short and plain statement of the claim showing

that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   All that is required is that there are "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).   Here, the Court is persuaded that, at a minimum, the insurance policy is potentially susceptible to more than one interpretation.[3]   *See Botee v. Southern Fidelity Ins. Co.*, 162 So. 3d 183, 186 (Fla. Dist. Ct. App. 2015).   The Court is not prepared to conclude that there is no ambiguity in the policy whatsoever or that there is no plausible contractual interpretation upon which Plaintiff could prevail.   This matter should be argued at summary judgment, together with supporting evidence.[4]

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 4] is **DENIED**.   Defendants shall answer Plaintiff's Complaint within five (5) days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 21st day of March, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

---

3 Similarly, this question, when combined with Plaintiff's other allegations, is sufficient to support a request for a declaratory judgment.
4 The Court disregards Defendants' other arguments without comment.